UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM FLANDERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:12-cv-00262-JAW |
| | ) |
| MASS RESISTANCE, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

In this diversity case, Adam Flanders sued over allegedly defamatory statements published by Brian Camenker following Mr. Flanders' dissemination of a tell-all letter in 2007 exposing the questionable activities of a Rockland, Maine-based homosexual youth group. The Court agrees with the Magistrate Judge that the allegations in Mr. Flanders' Complaint are legally insufficient. The Court concludes that the supplemental allegations against Defendants Brian Camenker and Mass Resistance in Mr. Flanders' additional filings also lack merit, and dismisses the case.

**I.     PROCEDURAL HISTORY**

On August 3, 2012, Adam Flanders filed a complaint against Mass Resistance and Brian Camenker in the Maine District Court in Belfast, Maine. *Compl.* (ECF No. 1-1). The Defendants removed the case to this Court on September 3, 2012, and

---

[1] This Amended Order corrects typographical errors contained in the Order Affirming the Recommended Decision of the Magistrate Judge dated 5/21/13 (ECF No. 34). On page 3, last paragraph, a cited case contains two errors. It currently reads *Rodi S. New Eng. Sch. Of Law,* 389 F.3d 5, 20 (1st Cir. 2004). It should read *Rodi v. New Eng. Sch. of Law,* 389 F.3d 5, 20 (1st Cir. 2004).

maintain that this Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. *Notice of Removal* ¶ 7 (ECF No. 1). On September 4, 2012, the Defendants answered the Complaint and moved to dismiss it for lack of personal jurisdiction under Rule 12(b)(2) and for insufficiency under Rule 12(b)(6). *Answer to Compl.* (ECF No. 5); *Defs.' Mot. to Dismiss on Grounds that the Court Lacks Personal Jurisdiction and Insufficiency of Pleading* (ECF No. 6) (*Defs.' Mot.*).[2] Mr. Flanders responded on September 6, 2012. *Answer* (ECF No. 12) (*Pl.'s Opp'n*). The Defendants replied on September 24, 2012. *Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss* (ECF No. 13) (*Defs.' Reply*). Mr. Flanders filed a sur-reply on September 25, 2012. *Opp'n* (ECF No. 14) (*Pl.'s Sur-Reply*). The Defendants objected to Mr. Flanders' sur-reply on October 1, 2012. *Defs.' Objection to Pl.'s "Opp'n" Filed September 25, 2012, Designated as "Surreply to Mot. to Dismiss" by the Clerk* (ECF No. 16) (*Defs.' Objection*).

On November 14, 2012, the Magistrate Judge denied the Defendants' objection to Mr. Flanders' sur-reply and recommended that the Court grant the Defendants' motion to dismiss for insufficiency. *Recommended Decision* (ECF No. 21) (*Rec. Dec.*). On November 20, 2012, Mr. Flanders objected to the Magistrate Judge's recommendation that the Court grant the Defendants' motion to dismiss. *Objection and Mem.* (ECF No. 23) (*Pl.'s Objection*). On November 23, 2012, Mr. Flanders moved to amend and to add defendants. *Mot. to Amend and to Add Defs.*

---

[2] The Defendants' Motion states that they are moving "[p]ursuant to M.R. Civ. P. [Maine Rules of Civil Procedure] 12(b)(2) and 12(b)(6)." *Defs.' Mot.* at 1. However, the Federal Rules of Civil Procedure apply to a civil action after it is removed from state court. FED. R. CIV. P. 81(c)(1). The Court treats the Motion as pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

2

(ECF No. 24). On November 30, 2012, the Defendants responded to Mr. Flanders' objections to the Recommended Decision. *Resp. to Objection to Report and Recommendations of Magistrate Judge* (ECF No. 25) (*Defs.' Resp.*). On December 6, 2012, the Defendants responded to Mr. Flanders' motion to amend. *Defs.' Objection to Pl.'s Mot. to Amend Compl. and to Add Defs.* (ECF No. 27) (*Defs.' Opp'n*).

Mr. Flanders has made a number of additional filings. *Additional Filing* (ECF No. 26); *Additional Filing* (ECF No. 28); *Additional Filing* (ECF No. 29); *Additional Filing* (ECF No. 30); *Additional Filing* (ECF No. 33). The Defendants moved to strike ECF Nos. 28, 29, and 30 on January 2, 2013. *Defs.' Mot. to Strike Pl.'s "Additional Filings"* (ECF No. 31) (*Defs.' Mot. to Strike*). Mr. Flanders filed a memorandum concerning his right to privacy on January 11, 2013. *Additional Filing: Memorandum; Right to Privacy* (ECF No. 32).

## II. DISCUSSION

### A. Standard of Review for a Recommended Decision

The Magistrate Judge issued her Recommended Decision pursuant to 28 U.S.C. § 636(b)(1)(B). Upon timely objection to the Recommended Decision, this Court is required to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Gioiosa v. United States*, 684 F.2d 176, 178 (1st Cir. 1982).

### B. The Plaintiff's Pro Se Status

As the Magistrate Judge explained in her Recommended Decision, pro se litigants are not held to the same strict standards as attorneys when it comes to

technical rules of procedure. *See Rec. Dec.* at 5; *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004) ("courts should endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects"). The Defendants did not object to the Recommended Decision—including the Magistrate Judge's denial of their objection to Mr. Flanders' technically improper filing of a sur-reply—yet continue to press a number of technical procedural challenges. In the words of the First Circuit, "[o]ur judicial system zealously guards the attempts of pro se litigants on their own behalf. We are required to construe liberally a pro se complaint and [dismissal is warranted] only if a plaintiff cannot prove any set of facts entitling him or her to relief." *Williams v. Mass. Coll. of Pharmacy and Allied Health Scis.*, Civil Action No. 12-10313-DJC, 2013 U.S. Dist. LEXIS 46886, *10 (D. Mass. Mar. 31, 2013) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

    C.    **Adam Flanders' Objections**

Mr. Flanders' first objection is that the Magistrate Judge "failed to review all relevant material," specifically including "numerous audio and video publications, which the Plaintiff offered to provide." *Pl.'s Objection* at 1. The principle that courts must guard against the loss of pro se claims due to technical defects has its limits. It does not require, for instance, that courts actively solicit evidence from a pro se plaintiff and comb through that evidence for possible claims. The onus is on the plaintiff, whether proceeding pro se or through counsel, to put his best claim before the Court and to support it with specific allegations. This is particularly true

4

in a defamation case, given that "a defendant is entitled to knowledge of the precise language challenged as defamatory." *Phantom Touring, Inc. v. Affiliated Publications, et al.*, 953 F.2d 724, 728 n.6 (1st Cir. 1992). Mr. Flanders now quotes some audio and video publications in his objection, but he gave the Magistrate Judge no opportunity to consider these quotes. *See Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (per curiam) ("Parties must take before the magistrate, not only their 'best shot' but all of their shots") (internal quotation marks and citation omitted).

In any case, the quotes in Mr. Flanders' objection do not differ significantly from the statements the Magistrate Judge found legally insufficient. *Compare Rec. Dec.* at 11-12 (considering statements accusing Mr. Flanders of "sexually molesting a 14-year old boy," "illegally having sex with young boys," "filing a fraudulent complaint," and so on), *with Pl.'s Objection* at 1 ("convicted of molesting a 14-year-old boy," "[t]his guy is clearly breaking the laws by harassing us and harassing the businesses that we're working with," "convicted of sexually abusing a 14-year-old boy"). The Court overrules this objection.

Mr. Flanders' second objection is that the Magistrate Judge "did not address Defendant's defamation per se in reference to the allegations of child molestation." *Pl.'s Objection* at 1. He argues that "child molestation" implies "forceful rape against a child under the age of 12" and is a significant mischaracterization of his conviction for Sexual Abuse of a Minor, which was based on an encounter Mr. Flanders had with a 15-year-old boy when Mr. Flanders was 21. *Id.* at 1-2; *Pl.'s*

5

*Sur-Reply* at 2. "The average citizen or prudent person," writes Mr. Flanders, "would likely assume the Plaintiff had raped a very young child under the age of 12." *Pl.'s Objection* at 2.

The Magistrate Judge carefully reviewed Mr. Flanders' Complaint as well as copies of the web pages referred to in the Complaint and found no indication that the Defendants ever made this precise accusation against Mr. Flanders. *See Rec. Dec.* at 10-14 ("Contrary to Flanders's allegations, the defendants did not use the term 'child molestation' in that publication"). Even in the phrases Mr. Flanders quotes in his Objection, the Defendants accuse Mr. Flanders of "molesting a 14-year-old boy" or a "teenage boy"—not of "child molestation," and much less of any conduct involving a "very young child under the age of 12," as Mr. Flanders suggests.³ As the Court observed above, "a defendant is entitled to knowledge of the precise language challenged as defamatory." *Phantom Touring*, 953 F.2d at 728 n.6. Focusing on the Defendants' precise language rather than the Plaintiff's self-serving rephrase, the Court overrules his objection.⁴

Mr. Flanders' third objection is that the Magistrate Judge "did not address the age discrepancy in that Defendants falsely allege that Plaintiff was convicted of

---

³  The Defendants object that these statements are not properly before the Court since they were not part of the record considered by the Magistrate Judge. *Defs.' Objection* at 2. Since the Plaintiff is proceeding pro se and since the Court concludes that the Plaintiff's argument lacks merit in any event, the Court does not base its ruling on this procedural objection.

⁴  The Court is skeptical of Mr. Flanders' premise—that there is such a significant difference between an accusation of child molestation and a conviction for sexual abuse of a minor that the accusation justifies a defamation claim. Mr. Flanders was convicted of violating 17-A M.R.S. § 254(1)(A), Sexual Abuse of a Minor. To be convicted under this provision, Mr. Flanders would have been at least five years older than his victims and his victims would have been either 14 or 15 years old, facts that are consistent with the Defendants' accusation. Section 254(1)(A) criminalizes the commission of a sexual act, which covers a wide range of conduct. *See* 17-A M.R.S. § 251(1)(C) (defining "sexual act").

6

sexually abusing a 14-year-old boy when in fact the alleged victim was 15 years old, 6 weeks from age 16, the absolute age of consent in the State of Maine." *Id.* at 1. Mr. Flanders is correct that the Magistrate Judge did not squarely address the age discrepancy. She instead focused on the fact that the Defendants' accusations had suggested—inaccurately, according to Mr. Flanders—that Mr. Flanders' conviction involved one of the boys described in his letter, and concluded that this inaccuracy did not matter because the "sting" resulted not from this inaccuracy but from the true fact of the conviction. *Rec. Dec.* at 12-13.

As the Magistrate Judge correctly stated, defamation under Maine common law requires "a false and defamatory statement." *Rec. Dec.* at 9 (quoting *Levesque v. Doocy*, 560 F.3d 82, 87 (1st Cir. 2009)). "Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." *Fiacco v. Sigma Alpha Epsilon Fraternity*, 528 F.3d 94, 101 (1st Cir. 2008) (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991)); *see also* RESTATEMENT (SECOND) OF TORTS § 581A cmt. f ("Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance"). Maine's criminal law makes no distinction between a 14-year-old and a 15-year-old for purposes of Sexual Abuse of a Minor, a Class D crime. *See* 17-A M.R.S. § 254(1)(A). The Defendants' charge that Mr. Flanders had "molested a 14-year-old," while not strictly accurate (assuming they referred to Mr. Flanders' conviction rather than his letter, and accepting Mr. Flanders' assertions as true), do not constitute a "gross mischaracterization" of the true fact that Mr. Flanders was convicted for Sexual

7

Abuse of a Minor, which under 17-A M.R.S. § 254(1)(A) must have involved either a 14 or 15 year old. *Morgan v. Kooistra*, 2008 ME 26, ¶¶ 27-28, 941 A.2d 447, 455 (2008); *cf. Fiacco*, 528 F.3d at 101 (rejecting the plaintiff's attempt to establish falsity based on the difference between "DWI" and "DWAI" or "DUI"). The Court overrules the objection.

### D.   Supplemental Allegations and Additional Filings

In a Motion to Amend and to Add Defendants submitted on November 23, 2012, Mr. Flanders asserts that the Defendants have "committed additional defamation since this filing, on October 30, 2012." Though styled as a motion to amend, the Court analyzes this motion as a motion to supplement under Rule 15(d), since it alleges events since the filing of the Complaint. FED. R. CIV. P. 15(d). A number of "Additional Filings" submitted by Mr. Flanders propose still more factual allegations based on subsequent events, and the Court generally analyzes these too as motions to supplement.

"An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A CHARLES ALAN WRIGHT, ARTHUR A. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504, at 257-59 (3d ed. 2010). Futility, however, is a proper reason to deny a motion to supplement, *see Prescott v. Prudential Ins. Co. of Am.*, No. 2:09-cv-322-DBH, 2011 U.S. Dist.

LEXIS 98553, *4 (D. Me. 2011) (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)), and is the primary ground for denial urged by the Defendants, who contend that the new allegations in the Motion to Amend are "redundant to the former allegations." *Defs.' Opp'n* at 1-3.

### 1. Motion to Amend and to Add Defendants

Mr. Flanders' Motion to Amend and to Add Defendants concerns an October 30, 2012 interview Brian Camenker gave on RoadKill Radio and a November 16, 2012 article posted on the Thomas More Society's website. Mr. Flanders claims that in the radio interview, Mr. Camenker accused him "of molesting teenage boys, being a 'ward of the state,' 'abusing the court process,' abusing other people, being a 'sex activist,' [and] committing fraud." *Pl.'s Mot.* at 1. This allegation does not differ in any significant way from the allegations in Mr. Flanders' Complaint, and the Court denies the motion as to this allegation as futile, for the reasons in the Magistrate Judge's Recommended Decision.

In his motion, Mr. Flanders highlights portions of a November 16, 2012 article authored by the Thomas More Society (the article is not attributed to any individual), including accusations that he is a pedophile, that he sexually abused two 14-year-old boys, that he used illicit drugs, and that he engaged in criminal activity in the youth group setting. *Pl.'s Mot.* at 1. Mr. Flanders asserts that "Defendants' counsel"—specifically Barry Mills, Peter Breen, and Thomas Brejcha— are responsible for the article and should be joined as Defendants. *Pl.'s Mot.* at 1 ("On November 16, 2012, Defendants' counsel spoke of the court magistrate's recent

recommendation for dismissal in an article titled, 'Judge Urges Dismissal of Gay Activist's Slander & Libel Claims'"). Attorney Mills is Defendants Camenker and Mass Resistance's local counsel and Attorneys Breen and Brejcha (whose Pro Hac Vice certifications identify them as from the Thomas More Society) are also attorneys for the Defendants in this litigation. *See Certifications for Admission Pro Hac Vice* (ECF No. 11 & ECF No. 11, Attach. 1). The basis for Mr. Flanders' assertion that any of these attorneys authored the article is unclear and the current Defendants (Brian Camenker and Mass Resistance) do not concede it. *Defs.' Opp'n* at 4-5. The article itself represents that it was posted "by Thomas More Society."[5] *Pl.'s Mot.* Attach. 1, *Judge Urges Dismissal of Gay Activist's Slander & Libel Claims*, 1 (ECF No. 24-1).

The dispute over the article's authorship matters little for present purposes, however, as Mr. Flanders does not contend that the Defendants in this case—Brian Camenker and Mass Resistance—authored it. The Court rules today that Mr. Flanders' case against Mr. Camenker and Mass Resistance lacks merit and must be dismissed. If Mr. Flanders wishes to proceed against Attorneys Mills, Breen, and Brejcha, he should file a new complaint in an appropriate court.

### 2.    Additional Filing Submitted December 5, 2012

---

[5]    In their opposition, Mr. Camenker and Mass Resistance's attorneys observe that Mr. Flanders provides "no factual support for his allegation" that they "are somehow responsible for the content of statements published on the Thomas More Society website." *Defs.' Opp'n* at 4-5. They concede that the website identifies Thomas Brejcha, one of the Defendants' attorneys of record, as "president and chief counsel of the Thomas More Society," but they point out that Mr. Flanders "offers no reason to believe that Mr. Brejcha was responsible for any portion of the text of the website other than his quoted statement." *Id.* at 5. In his motion to amend, Mr. Flanders does not claim that the quoted statement that is attributed to Attorney Brejcha is defamatory.

10

In an "Additional Filing" submitted on December 5, 2012, Mr. Flanders alleges that the Defendants "sent out a blast email" and "published another article defaming me" on December 2, 2012. *Additional Filing* (ECF No. 26). He asserts that the article "contains numerous falsities, such as proclaiming 'Victory: Federal judge dismisses $1 million lawsuit against Camenker! Homosexual activist appeals.'" *Id.* He states that the article accuses him "of threatening and harassing others, and once again . . . of 'molestation'" and that this material "clearly constitutes additional *defamation per se*." *Id.* These allegations are no different in kind from those the Magistrate Judge rightly recommended dismissed. The Court treats this Additional Filing as a motion to supplement and denies it as futile.

### 3.     Additional Filing Submitted December 19, 2012

In an "Additional Filing" submitted on December 19, 2012, Mr. Flanders alleges that Brian Camenker gave a defamatory interview with "Road Kill Radio" that was published on December 11, 2012. *Additional Filing* (ECF No. 28). However, he does not quote any precise language from the interview. *Id.* In this Additional Filing, Mr. Flanders states that he has "been contacted by hostile third parties as a direct result of the Defendant's publications" and that he and his family are "genuinely concerned for [his] safety." *Id.* at 1. He goes on to assert that the Defendants' conduct amounts to criminal stalking. *Id.* at 2. Whatever the merits of this assertion, private citizens are not empowered to bring criminal charges. To the extent this Additional Filing represents a motion to supplement, the Court denies it.

### 4.     Additional Filing Submitted December 21, 2012

In the first three paragraphs of an "Additional Filing" submitted on December 21, 2012, Mr. Flanders discusses his attempts to have the websites he objects to taken down. *Additional Filing*, 1 (ECF No. 29). He then refers to a December 19, 2012 interview Brian Camenker gave on Road Kill Radio. *Id.* Mr. Flanders alleges that in this interview, Mr. Camenker "falsely accuses [Mr. Flanders] of harassing him and of being a 'sex activist'" and falsely "claims that [Mr. Flanders] is being supported and funded by some sort of hidden gay rights organization that doesn't want to publicly support me because of my criminal record." *Id.* To the extent this Additional Filing represents a motion to supplement with new allegations, those allegations are no different in kind from those addressed above, and the Court denies the motion as futile.

### 5.     Additional Filing Submitted December 28, 2012

In an "Additional Filing" submitted on December 28, 2012, Mr. Flanders alleges that the Defendants "published another defamatory article" on their website on December 23, 2012. *Additional Filing* (ECF No. 30). He claims that the Defendants "again falsely accused me of several crimes and serious sexual misconduct, constituting *defamation per se.*" *Id.* He reports that the Defendants wrote that he was convicted of "sexually molesting a teenage boy"; that they "falsely accuse [him] of attempting to 'punish and destroy' them"; that they "falsely accuse [him] of committing fraud and perjury"; and that they "have raised over $30,000, part of which is a result of their harassment, defamation, and stalking against me."

*Id.* He again suggests that the Defendants' behavior is criminal and refers to threatening emails he has received from third parties. *Id.* Finally, he asserts that "[a]t the very least, it constitutes intentional infliction of emotional distress," but provides no legal support for this claim. *Id.* These allegations are no different in kind from the allegations addressed above. The Court treats this Additional Filing as a motion to supplement and denies it as futile.

### 6. Motion to Strike

In a Motion to Strike, the Defendants ask the Court to strike three of Mr. Flanders' Additional Filings. *Defs.' Mot. to Strike* at 1. The Motion to Strike appears to analyze the Additional Filings as additional objections to the Recommended Decision, and argues that they are not properly before the Court because the Magistrate Judge could not have considered the new allegations they contain. *Id.* at 1-2. They ask for an opportunity to respond if the Court chooses to consider the content of the Additional Filings. *Id.* at 2. Since the Court is treating the Additional Filings referred to as motions to supplement and is denying them, the Court dismisses the Motion to Strike as moot.

### 7. Additional Filing Submitted January 11, 2013

In an "Additional Filing" submitted on January 11, 2013, Mr. Flanders submits "an additional Objection to Judge Kravchuk's recommendation" concerning alleged violations of his privacy. *Additional Filing* (ECF No. 32). Although pro se pleadings are held to less demanding standards, "such litigants are not exempt from procedural rules." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008). The

13

Magistrate Judge issued her Recommended Decision on November 14, 2012. The law provides that a party may file written objections to a recommended decision "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). Mr. Flanders in fact filed written objections six days after the issuance of the Recommended Decision. *See Pl.'s Objection*. He offers no explanation for his failure to submit this additional objection within fourteen days after being served with a copy of the Recommended Decision. For a sustained period, scarcely a week went by without an additional filing of one kind or another from Mr. Flanders, demonstrating that he was capable of making the objection in a timely manner. The Court declines to consider the additional objection contained in this untimely filing.

### 8. Additional Filing Submitted January 31, 2013

In an "Additional Filing" submitted on January 31, 2013, Mr. Flanders alleges that "[o]n January 29, 2013 Road Kill Radio published another video defaming, harassing, and stalking me." *Additional Filing* (ECF No. 33). He quotes Brian Camenker as saying in the video, "[f]iled a phony harassment order," "[h]e was later convicted and spent time in jail for sexually molesting a teenage boy," and "[f]ederal judge wrote a rather lengthy description of how ridiculous his charges were and just simply didn't hold up and that we have the right to say what we said." *Id.* Though Mr. Flanders may disagree with these statements, they are no different in kind from his earlier allegations. The Court treats this Additional Filing as a motion to supplement and denies it as futile.

### III. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of those portions of the Recommended Decision to which Mr. Flanders has made timely objections. The Court concurs with the Magistrate Judge for the reasons set forth in her Recommended Decision. For those reasons and for the reasons set forth in this decision, the Court issues the following Orders:

1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 21);

2. The Court GRANTS the Defendants' Motion to Dismiss (ECF No. 6);

3. The Court DENIES Plaintiff's Motion to Amend and to Add Defendants (ECF No. 24);

4. The Court treats Additional Filing (ECF No. 26), Additional Filing (ECF No. 28), Additional Filing (ECF No. 29), Additional Filing (ECF No. 30), and Additional Filing (ECF No. 33) as motions to supplement and DENIES them.

5. The Court DISMISSES as moot Defendants' Motion to Strike Plaintiff's "Additional Filings" (ECF No. 31).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2013