UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ADAM FLANDERS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | 2:12-cv-00277-JAW |
| v. | ) | 2:12-cv-00278-JAW |
| STATE OF MAINE, | ) | |
| Respondent. | ) | |

| ADAM FLANDERS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | 1:12-cv-00262-JAW |
| v. | ) | |
| MASS RESISTANCE, | ) | |
| Defendant. | ) | |

**ORDER DENYING AND DISMISSING MOTION FOR REMOVAL OF PERSONALLY IDENTIFIABLE INFORMATION**

A plaintiff in several cases in this court, which include two petitions for writs of habeas corpus and an action for libel, slander, and assault, moves the Court to seal these cases from public access, or in the alternative, order that all references by which he could be identified be redacted from the opinions in each case. The Court denies the motion insofar as it requests that the entire court file be sealed and dismisses the motion without prejudice insofar as it requests that personal information be redacted.

I.  BACKGROUND

Adam Flanders requests that the Court "remove from publication in their entirety or otherwise seal[] from public access" opinions in the following federal cases,

or the cases in their entirety:[1] *Flanders v. Mass Resistance*, No. 1:12-cv-00262-JAW; *Flanders v. State of Maine*, No. 2:12-cv-00277-JAW; *Flanders v. State of Maine,* No. 2:12-CV-00278-JAW. *Flanders v. Mass Resistance*, No. 1:12-cv-00262-JAW, *Def.'s Mot. for Order for Removal of Personally Identifiable Information* (ECF No. 37); *Flanders v. State of Maine*, No. 2:12-cv-00277-JAW, *Def.'s Mot. for Order for Removal of Personally Identifiable Information* (ECF No. 22); *Flanders v. State of Maine,* No. 2:12-cv-00278-JAW, *Def.*'s *Mot. for Order for Removal of Personally Identifiable Information* (ECF No. 19) (*Def.'s Mot*. at 2). In the alternative, Mr. Flanders requests that "all personal identifiable information be redacted from these opinions, including but not limited to my name, address, telephone number, and state identifiers, and that the Court prevent search engines from indexing these opinions." *Id*.

As the basis for his motion, Mr. Flanders states that "there are several hate groups targeting me, publishing my personal information and encouraging others to stalk and harass me . . . . They use these government website publications to locate me and further target my family and I." *Id*. at 1. He says that he has received "hateful emails [and] death threats" and that these groups contacted his employer, resulting in termination of his employment. *Id*. Mr. Flanders contends that "the safety and private of my family and I outweighs any public interest in these District Court cases." *Id*.

A.  *Flanders v. Mass Resistance***, No. 1-12-cv-0062-JAW**

---

[1] Mr. Flanders requests "removal or redaction of the following publications", and then lists the three docket numbers above. He also, however, lists links to opinions published in each case, "respectfully request[ing] that these opinions be removed from publication in their entirety or otherwise sealed from public access." *Id*. at 2.

The first case Mr. Flanders seeks to have sealed, removed, or redacted, is a diversity suit he brought "over allegedly defamatory statements published by Brian Camenker following Mr. Flanders' dissemination of a tell-all letter in 2007 exposing the questionable activities of a Rockland, Maine based homosexual youth group[]", which the Court dismissed as "the allegations in Mr. Flanders' Complaint are legally insufficient . . . and Mr. Flanders' additional filings . . . lack merit." *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 34).

### B. *Flanders v. State of Maine,* No. 2-12-cv-0277-JAW and *Flanders v. State of Maine,* No. 2:12-cv-00278-JAW

Mr. Flanders also requests that the Court seal, remove from publication, or redact his two petitions for habeas corpus challenging the validity of multiple state of Maine convictions pursuant to 28 U.S.C. § 2254. *Def.'s Mot*. at 2. The first petition challenges Mr. Flanders' August 27, 2008 convictions in Knox County Superior Court for Sexual Abuse of a Minor, 17-A M.R.S. § 254(1)(A) and for a probation violation in the same case. *Flanders v. State of Maine*, No. 2-212-cv-278, *Pet. For Writ of Habeas Corpus* (ECF No. 1). The second petition challenges a number of Mr. Flanders' state of Maine convictions in Knox County Superior Court for Aggravated Assault Class B, 17-A M.R.S.A. § 208(1)(A), Criminal Threatening Class C, 17-A M.R.S.A. § 209(1), Violation of a Protective Order Class D, 5 M.R.S.A. § 4659(1), and Violation of Conditions of Release Class E, 15 M.R.S. §1092(1)(A). *Flanders v. State of Maine*, No. 2-212-cv-277, *Pet. For Writ of Habeas Corpus* (ECF No. 1). The Court denied and dismissed both petitions. *Flanders v. State of Maine*, No. 2-212-cv-277, *J*. (ECF No. 16); *Flanders v. State of Maine*, No. 2-12-cv-278-JAW, *J*. (ECF No. 19).

## II. Discussion

### A. Legal Standard

"[T]here is a strong common law presumption favoring public access to judicial proceedings and records." *In re Salem Suede, Inc.,* 268 F.3d 42, 45 (1st Cir. 2001); *see also In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). That presumption is "rooted in a desire to allow the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *Eil v. U.S. Drug Enf't Admin.*, 878 F.3d 392, 398 (1st Cir. 2017) (citation and internal punctuation omitted). "The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 570, 597 (1978) (footnotes omitted). The privilege encompasses "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir. 1986). In civil cases, "the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record." *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995).

Once the presumption of public access attaches, it remains possible for a court to seal a document. *United States v. Kravetz,* 706 F.3d 47, 59 (1st Cir. 2013). "Though the public's right of access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id.* at 59 (quoting *Siedle v. Putman Inv., Inc.* 147 F.3d 7, 10 (1st Cir. 1998)). "When addressing a request to unseal, a court must carefully balance the

4

presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that 'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id.* (quoting *In re Providence Journal Co., Inc.*, 293 F.3d 1, 10 (1st Cir. 2002)) (quoting *F.T.C. v. Standard Fin. Mgmt.*, 830 F.2d 404, 410 (1st Cir. 1987)).

Federal Rule of Civil Procedure 5.2(d) allows a court to order that a "filing be made under seal without redaction." However, before sealing a judicial document, the First Circuit mandates that the court issue "particularized findings," *Kravetz,* 706 F.3d at 61, and that where some portions of a document may be sealed, "redaction remains a viable tool for separating this information from that which is necessary to the public's appreciation of [the court's order]." *Id.* at 63. In this District, to "obtain an order allowing one or more documents or pleadings to be sealed, a party [must] electronically file . . . a motion to seal together with the separate document(s) or pleading(s) sought to be sealed." D. ME. LOC. R. 7A. The motion must also "propose specific findings as to the need for sealing and the duration the document(s) should be sealed . . .." *Id*. "In making specific findings as to the need for sealing and the duration the document(s) shall be sealed, the Court may incorporate by reference the proposed findings in the motion to seal." D. ME. LOC. R. 7A(c).

B.  Analysis

   1.  **Request to Seal Cases in their Entirety**

5

First, Mr. Flanders' request to seal his three civil cases in its entirety does not comport with Local Rule 7A. Mr. Flanders has not "proposed specific findings as to the need for sealing and the duration the document(s) should be sealed." *Id*. Second, Mr. Flanders' motion does not provide a sufficient basis for sealing the records of each case in its entirety. Mr. Flanders contends that "the safety and privacy of my family and I outweighs any public interest in these District Court cases," and notes that the opinions are "non-precedential" criminal appeals of state convictions over ten years old. *Def.'s Mot*. at 2. Mr. Flanders does not address why redaction of personal identifiers in these cases would not sufficiently protect the safety and privacy of himself and his family. *See Kravetz,* 706 F.3d at 63.

Two of the cases Mr. Flanders moves to seal are actions brought by Mr. Flanders challenging the validity of his state of Maine criminal convictions. The convictions themselves are matters of the public record of the state of Maine. Although the Court takes seriously any threats to Mr. Flanders or his family may have endured, Mr. Flanders has not demonstrated a sufficiently compelling reason to override the common law right of public access to two criminal appellate cases in their entirety. When Mr. Flanders himself instigated these three civil actions in public court, he had to be prepared to proceed on the public record and he has not shown an "exceptional case" which would rebut the presumption of public access. *See Doe,* 162 F.R.D. at 422. The Court denies Mr. Flanders' request to seal the cases in their entirety.

   2.   **Request to Redact Personal Identifiers**

Mr. Flanders requests, in the alternative, that "the Court [] order that all personally identifiable information be redacted from these opinions, including but not limited to my name, address, telephone number and state identifiers, and that the Court prevent search engines from indexing these opinions." *Def.'s Mot.* at 2. As Local Rule 7A states, "a party shall . . . file a motion to seal together with the separate document(s) or pleading(s) sought to be sealed." Mr. Flanders has included hyperlinks to several opinions he requests be redacted of personally identifying information but has not filed these opinions as separate documents together with the motion to seal. *Def.'s Mot.* at 2. The Court cannot access hyperlinks contained in a motion docketed electronically as a scanned document, nor will the Court do the work of the party requesting redaction and comb through the docket in search of personal identifiers. "The responsibility to redact filings rests with counsel and the party or nonparty making the filing." D. ME. LOC. RULES, APPENDIX IV, *Administrative Procedures Governing the Filing and Service by Electronic Means, (i), Privacy Protection for Filings Made with the Court.*

Federal Rule of Civil Procedure 5.2 governs privacy protections for filings made with the court. FED. R. CIV. P. 5.2. The Rule allows the redaction of a "filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." FED. R. CIV. P. 5.2(a). The redaction requirement does not apply to "the official record of a state-court proceeding," or to "a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255." FED. R. CIV. P. 5.2(b)(1),(6). The

Rule also provides that "[a] person waives the protection of Rule 5.2(A) as to the person's own information by filing it without redaction and not under seal." FED. R. CIV. P. 5.2(c)(h).

First, Mr. Flanders failed to comply with the requirements of the local rules because he filed the motions without proposed redactions. Second, because he filed his motions without redaction, he waived the protection of Rule 5.2(A) as to his own information. Third, at first glance, the Court's opinions in these cases do not contain any personal identifiers as that term is legally defined. The Court's opinions mention Mr. Flanders' name and the docket numbers and state courts in which he was convicted, but those identifiers are not usually redactable except in unusual circumstances not present here. The Complaint filed by Mr. Flanders in *Flanders v. Mass Resistance*, No. 1-12-cv-0062-JAW, includes the state of Mr. Flanders' residence at the time he filed the Complaint. Rule 5.2 does not allow the sealing or redaction of such information.

In contrast, the exhibits filed along with Mr. Flanders' Motion for Order of Removal of Personally Identifiable Information, which he did not file under seal, includes personal identifiers. *Def.'s Mot.*, Attach. 1 at 2. The Court finds that by filing the instant motion not under seal, Mr. Flanders waived the protection afforded under Rule 5.2(a) as to personal identifiers included in his motion for order of removal of personally identifiable information.

The Court, therefore, denies in part and dismisses in part Mr. Flanders' Motion for Order of Removal of Personally Identifiable Information, *Flanders v. Mass*

*Resistance*, No. 1:12-cv-00262-JAW, (ECF No. 37); *Flanders v. State of Maine*, No. 2:12-cv-00277-JAW, (ECF No. 22); *Flanders v. State of Maine,* No. 2:12-cv-00278-JAW, (ECF No. 19). The Court denies that portion of Mr. Flanders' motion that asks the Court to seal the records in their entirety. The Court dismisses without prejudice that portion of his motion that asks the Court to redact personal identifiers, since some personal identifiers are not redactable under the Rule and Mr. Flanders must isolate permissibly redactable personal identifiers and submit proposed redactions for the Court's review.

If Mr. Flanders seeks to file a redacted version of any of his court filings in the above cases in accordance with Federal Rule of Civil Procedure 5.2(a), he may do so, but in doing so, he must comply with the District's local rules.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2019